WATTERS et v. TUCKER et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1485. Decided Apr. 17, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

45. ADVERSE POSSESSION—1165 Tenants in Common—851 Notice & Knowledge—997 Real Estate. .

1. Possesion of one tenant in common, does not become adverse as to his cotenants, until they have received either actual or constructive notice that occupying cotenant is claiming to hold adversely.

2. Not necessary that they may be given actual notice, but possesion of cotenant may become adverse by acts so open and so notorious as to show that he claims exclusive title and possesion.

Appeal from Common Pleas.
Decree for Plaintiff.

Beery, Sheppard, Meisner & Pool, Akron, for Watters et.

Commins, Brouse, Englebeck & McDowell, Akron, for Tucker et.

FULL TEXT.
WASHBURN, PJ.

This case is in this court on appeal from the Court of Common Pleas, and is an action brought by the plaintiffs in possession to quiet their title to the real estate described in the petition.

The plaintiffs are two of the heirs at law of Ellen Watters, who acquired title to the real estate described in the petition by quit-claim deed from Orlando Case and four others, in the year 1882. Said grantees went into immediate possession of all of said property, and remained in possession until her death in the year 1913. From the date of her death, her heirs at law, either as heirs or otherwise, have been in the uninterrupted possession of said property, and plaintiffs now own all of the interest acquired by Ellen Watters in said real estate. Orlando Case and the other grantees in the deed to Ellen Watters each owned ⅛ .of said property, having acquired the same from their deceased ancestor by inheritance.

In the quit-claim deed executed by Orlando Case and others to said Ellen Watters, they did not describe the quantity of interest which they owned in said property; but upon the receipt of said deed, said grantee went into immediate possession of all of said property, tore down the dwelling house that was upon said property, and erected in place thereof a modern, substantial dwelling house; improved the property by putting sewers therein; paid the special assessments for the improvement of the street in front of the property; paid the taxes upon said property, and in the year 1894 mortgaged the property as the sole owner thereof, and exercised full and complete control and dominion over the same from the date she received said deed until her death, and her heirs and subsequent owners have done the same.

It thus appears that from 1882 until the time the suit was started, the plaintiffs and their predecesors in title have been in the actual, open, continuous and exclusive possession of said real estate, and the legal question presented is, Was such possession. hostile or adverse to the contesting defendants?

The contesting defendants claim that they are descendants of brothers and sisters of Orlando Case, and that such brothers and sisters owned an interest in said property as tenants in common with Orlando Case, and that their interest in said property has never been conveyed to the plaintiffs or anyone else, and that therefore said contesting defendants are tenants in common with the plaintiffs, and that they and their said ancestors having resided in another state, never had any knowledge or notice that anyone held or claimed to hold possession of said premises adversely to them, and that therefore the statute of limitations does not run against them and plaintiffs are not entitled to have their title to said estate quieted.

The possesion of one tenant in common does not become adverse as to his cotenants until they have received either actual or constructive notice that the occupying cotenant is claiming to hold adversely to them. It is not necessary that they be given actual notice, but the possession of a cotenant may become adverse to his cotenants by acts so open and notorious as to show them that he claims exclusive title and possession.

Many cases have been cited to us upon this subject, but we think that the facts as disclosed by the record in the instant case show that it comes clearly within the rule announced by Judge Taft in the case of Elder, et al., v. McClaskey, et al., 70 Fed. 529, in the third and ninth paragraphs of the syllabus, which are as follows:

"3. The rule that a tenant in common in possession is presumed to hold in the right of his cotenants, as well as himself, until notice is brought home to ·them of an intention to disseise them has no application to any case except where the possession was avowedly begun as a tenant in common, or under a deed which defined his title as such."

"9. The possession of a tenant in common, who entered as such, may become adverse to his cotenants without giving to the latter actual notice of their ouster or disseisin. He must always 'bring home' to them the knowledge of the desseisin, but he may do this by conduct, the implication of which cannot escape the notice of the world about him, or of any one who, though not resident in the neighborhood, has an interest in the property, and exercises that degree of attention in respect

to it which the law presumes in every owner."

Many Ohio decisions are cited in the above case to sustain the above statement of the law.

Under the evidence and peculiar facts in this case, assuming that Ellen Waters went into possesion as a cotenant with the ancestors of the contesting defendants, we are of the opinion that the possession of Ellen Watters and her successors constituted a definite and continuous assertion of adverse right by overt acts of unequivocal character, clearly indicating an assertion of ownership of the premises to the exclusion of the contesting defendants and their predecessors in title, and that such adverse possession constituted notice to the world and to the contesting defendants and their predecessors in title, and that therefore plaintiffs are entitled to have their title quieted.

A decree may be drawn accordingly.

Funk, J., and Parde, J., concur.