YOUNG ET AL., APPELLEES, *v.* PHILLIPS OIL CO., INC., APPELLEE; BENEDETTO ET AL., APPELLANTS.

[Cite as Young v. Phillips Oil Co., 1 Ohio App. 2d 209.].

(No. 7703—Decided February 3, 1965.)

*Mr. Dario E. DiPietro*, for plaintiff appellees.

*Messrs. Mayer & Leshy* and *Mr. Bernard E. Kanter*, for defendant appellee.

*Messrs. Smith, Clark & Holzapfel* and *Mr. Ronald L. Wilcox*, for appellants.

DUFFEY, J. This is an appeal on questions of law only from a judgment of the Common Pleas Court of Franklin County. The court found that the plaintiffs-appellees held an easement of way in property now owned by defendant-appellee, Phillips Oil Company, Inc., of Ohio. The order restrained any interference with the use of the easement. The defendants-appellants were joined as parties by the defendant-appellee, Phillips Oil Company, Inc., of Ohio. Appellants held no interest in the property at the time of the suit but are among the former owners who sold the property to appellee, Phillips. Appellants' interest or standing in this action is not clear, but apparently rests on the implicit theory that the judgment will affect their possible liability to appellee, Phillips. Since no party has raised the question, this court will assume that appellants were properly made a party and have standing to appeal.

The legal elements necessary for easement by prescription

are well established. The evidence of record on most of the necessary elements is highly conflicting. Since this is an appeal on questions of law only, this court must accept the findings of the trial court unless they are against the manifest weight of the evidence. On this record we cannot so find.

The primary legal point presented is the effect of the fact that during the 21-year period the owner of the alleged dominant estate held an undivided interest as tenant in common in the servient estate.

However, the evidence justifies a finding that the then owner was unaware of her interest in the servient estate until the time of the sale to the Phillips Company, and well after the expiration of more than 21 years of open, notorious, continuous usage by herself and those acting for her. Under those circumstances, the fact of an interest in the servient estate does not imply usage as a tenant in common nor does it operate to show that the usage was not adverse. See *Watters* v. *Tucker* (1928), 6 Ohio Law Abs. 411.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

BRYANT, P. J., and TROOP, J., concur.